PER CURIAM.
Appellant, who was defendant in the trial court, appeals a judgment against it based upon a money judgment rendered by the Supreme Court of New York, Albany County, in favor of appellee and against appellant. Appellant’s primary contention on appeal is that the judgment rendered by the New York court is void because that court never obtained jurisdiction over appellant, and for the further reason that the judgment is tainted with fraud practiced by appellee upon the court in procuring the judgment ultimately rendered.
In the judgment appealed the trial court, sitting without a jury, specifically found the New York court had validly obtained jurisdiction over appellant under the constructive service statute of that state identified as N.Y.Civ.Prac. L. & R., Section 302(a), par 1. We find sufficient competent evidence in the record to support this finding, and hold that the court did not misconstrue the statute in reaching the conclusion it did.
Appellant also urges that the trial court committed error in refusing to permit it to file a supplemental answer in the late procedural stages of the case in which it sought to interpose the defense of fraud practiced by appellee upon the New York court in procuring the judgment which forms the basis of this action. Considering the untimeliness of appellant’s motion under the circumstances shown by this record, we are unable to agree that the trial court abused its discretion in making the ruling complained of. Even if such was error, it would be harmless in view of the fact that the court permitted appellant during the trial to relitigate in this case all issues which it properly could have litigated in the New York action, and specifically found that the New York action consisted of a bona fide contractual dispute between the parties which was resolved by the New York court and that no perjury was committed, and no fraud, either intrinsic or extrinsic, was practiced by ap-pellee on the New York court. Although appellant was not permitted to file the supplemental answer proffered by it, the defense which it sought to allege was fully tried and resolved against it by the court in this case.
Our review of the evidence convinces us that the trial court was justified *840 in concluding' that no perjury was committed by appellee in the litigation of his action in the New York court which resulted in the judgment that forms the basis of this action. The New York court having obtained jurisdiction over appellant in that case, and the proceedings being free from the taint of fraud, the judgment rendered therein must be recognized and enforced in the Florida court under the full faith and credit clause of the United States Constitution.[1]
We have considered the other points raised by appellant but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD K., and SPECTOR, JJ., concur.

. Article IY, Section 1, Constitution of United States.