308 So.2d 571 (1975)
FLORIDA MORTGAGE FINANCING, INC., A Florida Corporation, Appellant,
v.
FLAGLER PLAZA CORP., a Florida Corporation, Appellee.
No. 74-591.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Rehearing Denied March 12, 1975.
Michael M. Tobin and Stephen K. Katz, Coral Gables, for appellant.
*572 Barrett, Diliberto & Estrumsa, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The plaintiff, Florida Mortgage Financing, Inc., appeals a summary judgment in favor of the defendant, Flagler Plaza Corp., a Florida corporation.
The plaintiff mortgage financing company sued the defendant for a broker's commission growing out of a loan commitment application in which the defendant requested that the plaintiff mortgage broker obtain a $950,000.00 permanent end loan and an $850,000.00 condominium conversion loan. The purpose of the purchase money acquisition loan was to provide mortgage money for the acquisition of the property involved, whereas the permanent end loan was to be used to further develop the property. The plaintiff broker obtained and the defendant accepted the permanent end loan, but the plaintiff was unable to obtain the condominium conversion loan, such being necessary in order to purchase the property. The defendant notified the plaintiff that the commitment application was formally cancelled and requested a return of the $5,000.00 good faith deposit being held in escrow. The plaintiff, then, sued the defendant for the one per cent brokerage commission, and the defendant proceeded to defend on the basis that the loans were dependent and in one "loan package" and, therefore, no brokerage fee had been earned. The trial court agreed with the defendant and entered summary final judgment in its favor, and ordered the plaintiff to return the $5,000.00 deposit as well.
A contract should be treated as entire and indivisible when, by consideration of its terms, subject matter, nature and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration; a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Local No. 234 of United Association of Journeymen & Apprentices of Plumbing & Pipefitting Industry of United States & Canada v. Henley & Beckwith, Inc., Fla. 1953, 66 So.2d 818, 821; Singleton v. Foreman, 435 F.2d 962, 969 (5th Cir.1970).
From a reading of the loan commitment application, together with the affidavits and depositions of the witnesses, we are of the opinion that the trial court was eminently correct in finding there to be no issue of material fact that it was necessary for the plaintiff to produce both segments of the loan and, therefore, the summary judgment was properly entered.
Affirmed.