480 So.2d 97 (1985)
GULF POWER CO., Appellant,
v.
PUBLIC SERVICE COMMISSION, Appellee.
LEISURE PROPERTIES, LTD., Appellant,
v.
PUBLIC SERVICE COMMISSION, Appellee.
Nos. 66307, 66339.
Supreme Court of Florida.
December 12, 1985.
G. Edison Holland, Jr., of Beggs and Lane, Pensacola, and Gene D. Brown, of Brown and Camper, Tallahassee, for appellants.
William S. Bilenky, Gen. Counsel and Robert D. Vandiver, Associate Gen. Counsel, Florida Public Service Com'n, Tallahassee, and Clinton E. Foster of the Law Offices of Clinton E. Foster, P.A., Panama City, for Gulf Coast Elec. Co-op., Inc.
ADKINS, Justice.
Gulf Power Co. (Gulf Power) and property owner Leisure Properties, Ltd., appeal a final order of the Public Service Commission (PSC) granting Gulf Coast Electric Cooperative (Gulf Coast), the right to serve a new subdivision in Washington County. P.S.C. order 13,668 (Sept. 10, 1984). We *98 have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
Gulf Power, an investor-owned utility, and Gulf Coast, a rural electric cooperative, each sought to provide electrical service to Leisure Lakes, a 2,300 acre subdivision containing 750 lots. In October of 1983, Gulf Coast filed a petition with the PSC seeking resolution of the territorial dispute. After the filing of the petition, Gulf Power spent about $200,480 extending 2.2 miles of power line to reach the subdivision and building a substation necessary to meet the subdivision's projected power needs.
The PSC found, in contrast, that Gulf Coast's costs to provide similar service amounted to about $27,000. The large cost differential was based principally on the proximity of Gulf Coast's existing facilities to the subdivision. Prior to any construction, the utility had two separate lines within 100 and 250 feet of the subdivision.
The PSC found Gulf Power's relatively extravagant expenditures in providing service reckless and irresponsible, as well as an uneconomic duplication of electrical facilities prohibited by section 366.04(3), Florida Statutes (1983). The PSC therefore awarded the right to serve the subdivision to Gulf Coast.
Gulf Power hotly contests the PSC's reasoning and conclusion. While acknowledging that the Commission's decisions may be overturned upon review only if found to be a departure from the essential requirements of law, unsupported by competent and substantial evidence, Shevin v. Yarborough, 274 So.2d 505 (Fla. 1973), Gulf Power argues that the PSC's analysis was so arbitrary and erroneous as to fit within these criteria. We disagree, and affirm the PSC's decision in this case.
Gulf Power contends that the PSC erred in focusing its analysis upon the utilities' respective costs, and additionally failed to properly apply certain statutory criteria enumerated in section 366.04(2)(e) as properly bearing on the resolution of such a territorial dispute.
We find, to the contrary, that the PSC conscientiously and correctly applied relevant criteria, and that Gulf Power's attacks on the PSC's analysis represent a thinly veiled attempt to have this Court reweigh and reevaluate the evidence presented to the PSC. This we cannot do. Polk County v. Florida Public Service Commission, 460 So.2d 370 (Fla. 1984).
Prior to examining the PSC's analysis, it may be useful to highlight the issues presented to the PSC for resolution. First, the PSC's determination was bottomed on a number of crucial stipulations: that both utilities were capable of serving the development, that neither had served the disputed area in the past, and that each utility's cost to provide service within the subdivision would be approximately equal. The principal question before the PSC, therefore, concerned the utilities' respective costs in reaching the subdivision.
While such costs are not among those factors specifically enumerated in section 366.04(2)(e), Florida Statutes (1983), as properly bearing on the resolution of a territorial dispute between utilities, the statutory list does not purport to be exclusive. Additionally, section 366.04(3), Florida Statutes (1983), grants the PSC jurisdiction over the development of Florida's utility service in order to avoid uneconomic duplication of electrical facilities. In view of the considerable cost differential found by the PSC, and the previous proximity of Gulf Coast's lines to the subdivision, we cannot disagree that Gulf Power's construction constituted a statutorily proscribed uneconomic duplication of facilities.
As we noted in Gulf Coast Electric Cooperative, Inc., v. Florida Public Service Commission, 462 So.2d 1092, 1095 (Fla. 1985), "[w]hether this constitutes wrongful behavior by either party is beside the point; it is within the discretion of the Commission to refuse to condone it." We have carefully reviewed a number of alleged errors in the Commission's reasoning and calculation, and find that in each case the Commission's findings were based on substantial and competent evidence. We decline *99 Gulf Power's invitation to recalculate and reweigh the evidence properly presented to the PSC.
Finally, we reject Gulf Power's contention that our decision of Escambia River Electric Cooperative, Inc. v. Florida Public Service Commission, 421 So.2d 1384 (Fla. 1982), mandates a different result in this case. Escambia River merely held that when no "factual or equitable distinction exists in favor of either utility ... the territorial dispute is properly resolved in favor of the privately owned utility." 421 So.2d at 1385.
Since the record in this case is replete with findings by the PSC establishing several distinctions in Gulf Coast's favor, our holding in Escambia River has no applicability to the case. Finding no abuse of discretion in either the PSC's findings or its conclusion, we affirm the order below granting Gulf Coast the right to serve Leisure Lakes.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.