487 So.2d 1061 (1986)
FLORIDA POWER CORPORATION, Appellant,
v.
PUBLIC SERVICE COMMISSION, et al., Appellees.
No. 66583.
Supreme Court of Florida.
May 1, 1986.
*1062 Richard W. Neiser, Albert H. Stephens and James A. McGee, Office of Gen. Counsel, St. Petersburg, and Alan C. Sundberg and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, Tampa, for appellant.
William S. Bilenky, Gen. Counsel, Florida Public Service Com'n, Tallahassee, and Jack Shreve, Public Counsel and Stephen Fogel, Associate Public Counsel, Office of Public Counsel, for the Citizens of State of Fla., for appellees.
ADKINS, Justice.
Florida Power Corporation (FPC) appeals a final order of the Public Service Commission (PSC) ordering it to refund to the ratepayers $1,399,593, $889,597 of which represents the cost of developing a composite coal-oil fuel known as COM and $510,996 of which constitutes lost interest. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
In September of 1977, FPC and Dravo Corporation entered into an agreement for the design, construction and operation of a temporary experimental pilot plant for the production of COM. The parties anticipated that COM would replace oil at FPC generating plants.
The agreement called for Dravo to design, install, and subsequently disassemble the plant as well as perform all of the engineering and management services. FPC agreed to provide a site for the temporary plant adjacent to its Crystal River generating units and to permit plant personnel to assist on the project.
Following execution of the agreement, a pilot COM production plant was built at Crystal River. Thereafter, COM was produced and test-burned in one of the generating units, and the project was completed in 1978. The total cost which FPC incurred in the project was $888,597.
On October 20, 1978, FPC assigned all of its interest in the COM technology, including its right to future royalties from the sale of COM technology, to Electric Fuels Corporation (EFC), its then wholly-owned subsidiary. However, FPC retained its right under the original agreement with Dravo to use the technology developed by the Crystal River project for its own benefit. The current dispute between the PSC and FPC centers around the fact that FPC received no compensation for the assignment of its interest in COM technology to EFC. Simultaneously with the assignment, however, EFC entered into a partnership agreement with Dravo for the purpose of further research and development of the COM technology. EFC then assigned its interest in COM to the Dravo/EFC partnership known as COMCO. As a result of the partnership agreement, FPC was granted the right to use the technology, as improved, without compensation. In fact, FPC used this improved technology, without charge, when it converted its Bartow I Unit from oil to COM.
*1063 In February of 1982, the PSC investigated FPC as part of its fuel cost projection hearings. The investigation initially centered upon whether FPC had justified the costs of using COM. The Commission later focused upon FPC's assignment of its interest in COM technology to EFC.
By order 18370, dated November 26, 1984, the PSC required FPC to "compensate the ratepayers" in the amount of $888,597. Specifically, the PSC found that "the Company assigned all of its interest in the technology" to EFC and that "the Company received no compensation from EFC" for that transfer. $888,597 represents FPC's cost for developing the technology. The development cost was considered a "valid proxy" for the "minimum value" of the benefit (future profits) that FPC gave away.
Although we will not reweigh or reevaluate the evidence presented to the Commission, we may examine the record to determine whether the order complained of meets the essential requirements of law. Citizens v. Public Service Commission, 464 So.2d 1194 (Fla. 1985).
The fundamental premise supporting the Commission's order is that FPC received no consideration when it assigned its interest in COM technology to EFC. This finding is wholly unsupported by the record and fails to comport with the essential requirements of law. Accordingly, we reverse the order of the PSC.
Without question, FPC did not receive monetary compensation from EFC in exchange for the assignment. However, consideration "need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee." Dorman v. Publix-Saenger-Sparks Theatres, 135 Fla. 284, 290, 184 So. 886, 889 (1938), citing 1 Williston, A Treatise on the Law of Contracts § 102 (1921 ed.). The Commissions's finding that FPC received no consideration is incorrect, FPC received the right to use COM technology as subsequently improved by COMCO at no cost.
The Commission may review a contract entered into between a regulated and unregulated entity or person to determine whether the contract is unreasonable and adversely affects the public interest. H. Miller & Sons Inc. v. Hawkins, 373 So.2d 913 (Fla. 1979). In this instance, however, the contract between FPC and EFC is not unreasonable and does not adversely affect the ratepayers. FPC and its ratepayers have fared far better as a result of the foregoing transactions than they would have if FPC retained its full interest in the COM technology. Since the 1978 assignment, COMCO has expended approximately $4.7 million in its effort to improve COM technology. FPC has already used this improved technology without paying any developmental costs. If FPC never assigned its right to COM technology to EFC and EFC never entered into a partnership agreement with Dravo, FPC would have had to pay a substantial portion of the $4.7 million already expended. Conversely, although FPC assigned its rights to receive royalties from the future sale of COM technology to third parties, the record is devoid of any facts indicating that the future royalties have any value. Thus far, FPC has received a substantial benefit from its assignment at little or no cost. Thus, if we were to uphold the order of the Commission, the ratepayers would receive a substantial windfall.
We reject the argument advanced by public counsel that FPC merely received a right it was already entitled to when it received the right to the improved COM technology. This argument omits the essential fact that FPC may now use the COM technology as improved without paying for any of the cost to develop the improved technology. Prior to the assignment, FPC was obligated to pay a portion of the cost to development to improve the technology. As noted earlier, COMCO has already expended approximately $4.7 million to improve the technology.
The Commission disputes the fact that FPC ever obtained the right to use the COM technology, as improved, without *1064 charge. Specifically, the Commission points out that the assignment between FPC and EFC does not permit FPC to use the improved technology without charge and that FPC is not a signatory to the EFC/Dravo partnership agreement which bestows this right upon FPC. However, we choose to read the two contemporaneously executed agreements together as a whole. See Florida Mortgage Financing, Inc. v. Flagler Plaza Corp., 308 So.2d 571 (Fla.3d DCA), cert. denied, 317 So.2d 443 (Fla. 1975). Further, EFC stipulated in the hearing below that it would not charge FPC for the use of the improved technology in the future. The Commission, with its broad regulatory powers, can assure that such charges are never levied in the future.
Accordingly, we reverse the order of the PSC and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion, in which EHRLICH, J., concurs.
BARKETT, Justice, dissenting.
I must respectfully dissent. I believe that the majority is in error in finding that Florida Power Corporation (FPC) received some consideration in exchange for assigning its interest in the COM technology to its wholly owned subsidiary Electric Fuels Corporation (EFC).
The pertinent provision of the assignment is as follows:
NOW, THEREFORE, the parties hereto agree as follows:
1. Assignment. For value received, FPC hereby assigns to EFC and its successors or assigns all its right, title and interest in and delegates all its obligations under that certain "Contract for Development of Coal-Oil Composite Fuel Plant" between Dravo and FPC dated September 9, 1977, and all property (tangible or intangible) or rights of FPC acquired pursuant to or by virtue of said Contract, but reserving the right to use in accordance with the Partnership Agreement referred to above for FPC's own benefit all information accumulated during the performance of such agreement before the date of this Assignment. This Assignment is made without representation or warranty and without recourse on the Assignor. (Emphasis supplied.)
By its terms, the assignment permitted FPC to use only the technology accumulated "before the date of [the] assignment." This technology belonged to FPC prior to the assignment and its retention by FPC cannot be construed as "consideration" paid by EFC.
Although the majority seems to concede that the assignment by its own terms contains no consideration, it supplies the missing consideration from the partnership agreement between EFC and Dravo to which FPC was not a party, citing Florida Mortgage Financing, Inc. v. Flagler Plaza Corp., 308 So.2d 571 (Fla.3d DCA), cert. denied, 317 So.2d 443 (Fla. 1975), as authority for this new proposition in contract law. I do not believe this case can support the theory presented. The court in Florida Mortgage Financing was interpreting only one contract between the two parties to that contract. It involved a brokerage commission contract which required the brokerage company to produce for the developer two loans; a loan to develop the property as well as a loan to purchase the property. The brokerage company sued for a commission even though it had been able to produce only one of the two loans required by the contract. The court said that the brokerage company had to produce both loans required by the contract in order to earn its commission. I do not see how this case can support the new legal principle that an entity's rights and obligations can be established by a contract to which that entity was not a party.
Lastly, even if such a legal principle existed, I do not find any clear provision in the EFC/Dravo partnership agreement which would give FPC the right to use *1065 COM technology as subsequently improved by COMCO at no cost.
EHRLICH, J., concurs.