501 So.2d 585 (1987)
LEE COUNTY ELECTRIC COOPERATIVE, Appellant,
v.
John R. MARKS, et al., Appellees.
No. 68346.
Supreme Court of Florida.
January 22, 1987.
*586 William H. Chandler and John Haswell of Chandler, Gray, Lang and Haswell, P.A., Gainesville, for appellant.
William S. Bilenky, Gen. Counsel and William H. Harrold, Associate Gen. Counsel, Florida Public Service Com'n, Tallahassee, Joseph A. McGlothlin of Lawson, McWhirter, Grandoff and Reeves, P.A., Tampa, on behalf of Florida Mining and Materials, and Wilton R. Miller and Robert J. Kelly of Bryant, Miller and Olive, P.A., Tallahassee, on behalf of Florida Power & Light Co., for appellees.
ADKINS, Justice.
Lee County Electric Cooperative (LCEC) challenges a final order of the Public Service Commission (PSC) dismissing its petition alleging a violation by Florida Power and Light Company (FPL) of a territorial agreement between the two utilities. P.S.C. Order 15,452 (Dec. 16, 1985). We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and must reverse the PSC's order in this case.
The dispute before the PSC, resolved in FPL's favor, involved FPL's provision of electrical service to certain industrial facilities of the Florida Mining and Materials Corporation (FMM). While the facilities are two miles within LCEC's service territory, as charted out in a 1964 agreement between the utilities, FMM constructed a transmission line to a point just within FPL's territory in order to receive electricity from FPL. In November 1984, FPL sought from the PSC a declaratory judgment determining whether it had a statutory duty to serve a customer in FMM's position under section 366.03, Florida Statutes (1983). Both FPL and intervenor FMM asserted that such a duty existed because the customer had established a legitimate point of delivery within FPL's territory.
A few days after FPL's filing of the declaratory judgment, LCEC filed with the PSC a petition to resolve a territorial dispute between itself and FPL and moved to consolidate the proceedings. The PSC declined to consolidate, and subsequently found that "the potential customer has acquired an ownership interest in property that is clearly located within FPL's service territory and has requested that FPL deliver power to that point. Under these circumstances we find that FPL has an obligation to serve this customer." Commissioners Leisner and Marks strongly dissented as to this conclusion, and Commissioner Cresse expressed misgivings as to the result in a specially concurring opinion.
The basis of LCEC's territorial dispute claim lay in the following language of the agreement between the utilities: "It is agreed that neither will offer to serve a customer outside its service area ... without first consulting and reaching agreement with the other party." LCEC alleged that FMM's construction of the transmission line into FPL's territory was accomplished with the knowledge, approval and assistance of FPL, and that FPL had neither consulted with nor obtained the consent of LCEC prior to signing an electric power contract with FMM.
The PSC dismissed LCEC's initial and amended petitions, "declin[ing] to reverse our decision in the declaratory case by forbidding FPL to serve where we had previously found it had a statutory obligation to do so." The PSC found that even taken as true the allegations demonstrated no violation of the territorial agreement. We must disagree.
Although it is not the proper role of this Court to reweigh or reevaluate evidence *587 presented to the PSC, Gulf Power Co. v. Public Service Commission, 480 So.2d 97 (Fla. 1985); Polk County v. Florida Public Service Commission, 460 So.2d 370 (Fla. 1984), we may examine the record to determine whether the order complained of meets the essential requirements of law. Florida Power Corp. v. Public Service Commission, 487 So.2d 1061 (Fla. 1986). The PSC's order, we believe, may not stand for two reasons. First, it reached the wrong result in concluding that LCEC's petition, taken as true, failed to allege a violation of the territorial agreement. Second, the ruling establishes a policy which dangerously collides with the entire purpose of territorial agreements, as well as the PSC's duty to police "the planning, development, and maintenance of a coordinated electric power grid throughout Florida to assure ... the avoidance of further uneconomic duplication of generation, transmission, and distribution facilities." § 366.04(3), Fla. Stat. (1985).
LCEC alleged in its petition that FMM's electric consuming facilities were located two miles within LCEC's territory as clearly charted out in the agreement. FMM had historically received service from LCEC, as had all other customers within the same exclusive service area. LCEC had about forty electric meters in the immediate area, and FPL had none. Prior to the construction of the transmission line, FMM approached FPL and discussed the means by which service could be received from FPL. Agents of FPL suggested that FMM construct the line into FPL's territory and gave technical assistance to FMM concerning the necessary electrical facilities.
Prior to seeking its declaratory judgment from the PSC, FPL signed with FMM a large power contract for service to FMM's plant. In the declaratory judgment order, the PSC noted that "[i]n order to provide such service, FPL will be required to expend a considerable sum of money to extend its distribution system to [FMM's] delivery point within the territory of FPL." Under these circumstances, we simply cannot agree that FPL is not serving a customer outside its service area, as prohibited under the agreement.
Further, we find the conclusion reached by the PSC unsupported by precedent and inconsistent with its own established policy of enforcing territorial agreements for the public good. As noted in the dissent to the declaratory judgment, "violence is being done to our efforts to end the `range wars' between competing utilities that have been unable or unwilling to reach territorial agreements." This Court has repeatedly approved the PSC's efforts to end the economic waste and inefficiency resulting from utilities "racing to serve," Gulf Power Co. v. Public Service Commission, 480 So.2d 97 (Fla. 1985); Gulf Coast Elec. Co-op, Inc. v. Florida Public Service Commission, 462 So.2d 1092 (Fla. 1985), and we cannot find that the transparent device of constructing a line into another utility's service area may suffice to avoid the effect of a territorial agreement.
Had FPL and not FMM constructed the line into FPL's territory, the PSC would unquestionably have found a flagrant violation of the territorial agreement to exist. We find that no different result follows from the customer's construction of the line. As noted in Storey v. Mayo, 217 So.2d 304, 307-08, (Fla. 1968), cert. denied, 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969), "[a]n individual has no organic, economic or political right to service by a particular utility merely because he deems it advantageous to himself." Larger policies are at stake than one customer's selfinterest, and those policies must be enforced and safeguarded by the PSC.
We therefore reverse the order under review and remand for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.