PER CURIAM.
This is an appeal and cross appeal taken by the plaintiffs Fred and Adele Katz and the defendant Venus Laboratories, Inc. [Venus] from a final judgment entered after a non-jury trial in a breach of contract action. We affirm in part and reverse and part.
First, we reject the two points raised on the main appeal by Venus, (a) Venus’ promise to employ Fred Katz [Katz] as a consultant for $20⅛000 a year, plus expenses not to exceed $5,000 a year, for so long as any portion of the obligations in the larger agreement between the parties [wherein Katz undertook to sell his chemical business to Venus] remained to be paid [to wit: until July 1994], was supported by consideration, namely, Katz’ promise to sell his business to Venus. The compensation agreed to herein was, as the trial court found, “additional consideration for the sale of the business assets.” (R. 288) For that reason, this portion of the contract was not illusory or lacking mutuality of obligation, (b) The trial court did not commit reversible error in refusing to allow Venus to amend its answer and assert a counterclaim because the essence of this proposed counterclaim was already asserted as a setoff in an affirmative defense filed by Venus. Any error in not allowing *632 this proposed counterclaim was therefore entirely harmless. See Aristek Communities, Inc. v. Fuller, 453 So.2d 547, 548 (Fla. 4th DCA 1984); Wallace v. Rashkow, 270 So.2d 743, 745 (Fla. 3d DCA 1972); Hecht Rubber Corp. v. Meckler, 208 So.2d 838 (Fla. 1st DCA), cert. denied, 214 So.2d 622 (Fla.1968).
Second, we agree with the two points raised on the cross appeal by Katz. By firing Katz as a consultant and refusing to pay any additional compensation to Katz for consulting services, Venus committed an anticipatory breach of contract as to its obligation to pay Katz $20,000 a year, plus expenses, through July 1994. This compensation package was, in reality, additional consideration for Katz’ sale of his business to Venus — rather than consideration for Katz’ consulting services [although Katz did, in fact, work as consultant until fired]. This being so, Katz was entitled to a judgment for all the “salary” he was entitled to through July 1994 for Venus’ anticipatory breach of contract, plus prejudgment interest. See Hospital Mortgage Group v. First Prudential Dev., 411 So.2d 181 (Fla.1982); Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); Juvenile Diabetes Research Found. v. Reivman, 370 So.2d 33, 35 (Fla. 3d DCA 1979); Florida Mortgage Fin., Inc. v. Flagler Plaza Corp., 308 So.2d 571 (Fla. 3d DCA), cert. denied, 317 So.2d 443 (Fla.1975). (b) Moreover, Katz was entitled to a money judgment for certain adjustments to the purchase price due him, rather than to payment thereof from the sale of certain assets which the trial court ordered. See Flanders v. Flanders, 516 So.2d 1090 (Fla. 5th DCA 1987); George Vining & Sons v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986); Hernandez v. Hernandez, 444 So.2d 35 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 848 (Fla.1984); Fine v. Fine, 400 So.2d 1254 (Fla. 5th DCA 1981).
The final judgment under review is reversed insofar as it (1) declines to award Katz a judgment for the entire compensation due him under paragraph 14 of the agreement, and (2) declines to enter a money judgment for Katz for certain adjustments to the purchase price due him — and the cause is remanded to the trial court with directions (1) to enter a money judgment for Katz, plus prejudgment interest, for the entire compensation due him through July 1994 under paragraph 14 of the agreement, and (2) to enter a money judgment for Katz, plus prejudgment interest, for the $50,239 of purchase price adjustments due to him. In all other respects, the final judgment under review is affirmed.
Affirmed in part; reversed in part and remanded.