PER CURIAM.
We hold that our decision in a previous appeal of this ease did not preclude the trial court on remand from deciding a legal issue that was not presented and considered in the former appeal.
This ease concerns a dispute between Napoleon and Glenna Bequer, Accent Marketing Associates, LLC, and National City Bank that arose following the bank’s loan of money to the Bequers for Accent’s construction of a home. The lawsuit began when Accent sued the Bequers to foreclose on a construction lien for work it did on the Bequers’ home. The Bequers filed a third-party complaint against the bank; they alleged that the bank had improperly disbursed money to Accent, which constituted a breach of the lending contract by the bank.
The bank did not respond to the third-party complaint, and the clerk entered a default. The circuit court entered a default judgment against the bank. The bank moved to set aside the default and to vacate the final judgment, making two separate and distinct arguments. First, the bank argued that its failure to answer the Bequers’ complaint was the result of excusable neglect, it had meritorious defenses, and it had exercised due diligence upon discovering the default, so that the default and final judgment should be set aside. Second, the bank alternatively argued that the final judgment should be vacated. On this point, the bank asserted it should be able to contest the amount of the Bequers’ damages, even if it could not contest liability, because the damages were unliquidat-ed. The bank argued the Bequers were not automatically entitled to ■ the entire amount of the disputed disbursement, since some of the paid-for work may have actually been completed.
The circuit court granted the bank’s motion to set aside the default and final judgment on the ground that the bank had shown excusable neglect, meritorious defenses, and due diligence. Because of this ruling, the court expressly did not address the bank’s second argument turning on whether the damages at issue were unliq-uidated.[1]
The Bequers appealed the circuit court’s order. In Bequer v. National City Bank (Bequer I), 46 So.3d 1199, 1200 (Fla. 4th DCA 2010), this court reversed, holding that the bank had failed to establish excusable neglect. We addressed the limited scope of the holding, saying, ‘We do not address the issue of meritorious defense or due diligence, since we find appellee failed to demonstrate excusable neglect, and as such, the trial court erred in vacating the default final judgment.” Id. at 1201. We did not reach or mention the bank’s due process argument.
On remand, the bank moved for a hearing on its argument that due process allowed it an opportunity to contest unliqui-dated damages. The bank observed that the trial court had never ruled on that issue and that this court did not consider it in Bequer I. The Bequers attacked this motion as “a second bite of the apple.” *1063 They argued that the bank’s motion was barred by operation of the doctrines of res judicata and law of the case, a violation of the opinion in Bequer I and the mandate in that appeal. The circuit judge denied the bank’s motion.
The circuit court had never ruled on the due process aspect of the bank’s attack on the default judgment and, as a result, this court never considered the issue. If the damages sought by the Be-quers’ third-party complaint were unliqui-dated,[2] then the bank was entitled to have the damages issue set for trial pursuant to Florida Rule of Civil Procedure 1.440. See Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006); Pierce v. Anglin, 721 So.2d 781, 788 (Fla. 1st DCA 1998).
Res judicata did not preclude the trial court from considering the bank’s motion to set aside the final judgment and hold a trial on unliquidated damages. Res judicata has been defined as follows:
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (emphasis in Juliano) (quoting Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984) (quoting Wade v. Clower, 94 Fla. 817, 114 So. 548, 552 (Fla.1927))). “Where successive appeals are taken in the same case there is no question of res judicata, because the same suit, and not a new and different one, is involved.” Id. (citation omitted). Thus, res judicata was not the relevant doctrine for this case, since it involves successive appeals.
While law of the case is a doctrine that gives effect to the ruling of a former appeal in the same case, it does not apply here. The doctrine of law of the case
requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case.
Id. at 105-06 (internal citations omitted). The law of the case doctrine is “ ‘limited to rulings on questions of law actually presented and considered on a former appeal.’ ” Id. at 106 (emphasis in Juliano) (quoting U.S. Concrete Pipe v. Bould, 487 So.2d 1061, 1063 (Fla.1983)).
The trial court never ruled on the bank’s second argument in its rule 1.540(b) motion — that it was denied due process because the case had never been set for trial on unliquidated damages. Bequer I did not rule on this issue; it was not properly before the court and our holding was expressly limited to the issue of excusable *1064 neglect. Nothing in Bequer I precluded the court from considering the due process issue on remand. Law of the case had no application here. See Analyte Diagnostics, Inc. v. D’Angelo, 792 So.2d 1271 (Fla. 4th DCA 2001) (similar facts).
On remand the trial court should consider whether the Bequers’ third-party complaint involves unliquidated damages; if it does, then the final judgment, but not the default, should be set aside and the case should be set for trial on the damages issue. If the court decides that the cause of action seeks liquidated damages, then it should deny the bank’s rule 1.540 motion.
POLEN, GROSS and CONNER, JJ., concur.

. As to the due process issue, the trial court said, "I have some concerns about whether it was liquidated or unliquidated, but frankly, I don’t need to get to that point because I’m going to find that sufficient standard has been met to set aside both the default and the default final judgment.”

. "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.” Bowman v. Kingsland Dev. Co., 432 So.2d 660, 662 (Fla. 5th DCA 1983) (explain-mg that actions for sums directly due on negotiable instruments are actions for liquidated damages). "[D]amages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.” Id. at 663.