DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIANE LYNN STEPHANOS,**
Appellant,

v.

**GLENN R. STEPHANOS,**
Appellee.

No. 4D21-2782

[March 8, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura C. Burkhart, Judge; L.T. Case No. 50-2013-DR-007061-XXXX-SB.

Stephanie L. Serafin, Jane Kreusler-Walsh, and Rebecca Mercier Vargas of Kreusler-Walsh, Vargas & Serafin, P.A., West Palm Beach, and Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.

Zachary R. Potter, Benjamin T. Hodas, and Brendon Carrington of Fisher Potter Hodas, PL, West Palm Beach, for appellee.

PER CURIAM.

In the second appeal in this matter, Diane Lynn Stephanos ("the former wife") appeals a post-remand amended final judgment of dissolution of marriage, raising two issues on appeal. We affirm with respect to the first issue, and we dismiss with respect to the second issue.

In her first issue, the former wife argues that, on remand from the first appeal, the trial court should have entertained her pending alternative claims of unjust enrichment and breach of contract, because those claims were not decided prior to the first appeal. However, where a party fails to obtain a ruling on a claim or motion while the matter is pending before the trial court, the claim or motion is deemed abandoned. *See, e.g.*, *Betancourt v. Sears Roebuck & Co.*, 693 So. 2d 680, 683 (Fla. 1st DCA 1997) ("[I]n regard to cases involving claims that are ripe for adjudication at the time of the hearing, for which claimant failed to produce evidence or obtain a ruling, this court will consider the claim abandoned and the issue waived, and will consider the order final and appealable."); *Edwards v. State*, 193 So. 2d 182, 183 (Fla. 4th DCA 1966) (holding defendant abandoned

motion and its contents where motion was filed but defendant failed to present motion to the trial court for consideration and ruling).

Prior to the first appeal, the former wife pled her claims, proceeded to trial on those claims, and then asked the trial court not to reach the merits of the claims. Thus, she abandoned the claims. We note, however, that this case's facts are decidedly distinct from cases in which a trial court, on its own initiative, declines to rule on an issue or claim before it despite a party's appropriate request(s) for a ruling. *See, e.g.*, *Nat'l City Bank v. Accent Mktg. Assocs., LLC*, 82 So. 3d 1060, 1062-63 (Fla. 4th DCA 2011).

In the former wife's second issue, she argues the trial court erred by determining that the former husband is entitled to attorneys' fees. This issue is not ripe for review because the trial court has not yet set an amount of fees. *See Singer v. Singer*, 211 So. 3d 154, 154-55 (Fla. 4th DCA 2017). Accordingly, we dismiss this portion of the appeal.

*Affirmed in part and dismissed in part.*

KLINGENSMITH, C.J., and CIKLIN, J., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

The former wife should not be precluded from seeking the alternative relief which she requested in her prior pleadings.

In the dissolution of marriage proceedings, the former wife filed a counterclaim for equitable distribution of property in the divorce, as well as alleging a breach of contract and unjust enrichment claim based upon an alleged contract/agreement entered into after a 1996 post-nuptial agreement. In both the counterpetition for divorce as well the breach of contract and unjust enrichment claims, she requested that the court award her properties in the former husband's name or over which he maintained control. Thus, these were simply alternative theories for a distribution of property.

During the proceedings, the trial court entered summary judgment declaring that the 1996 post-nuptial agreement was invalid due to the parties' reconciliation. The case then proceeded to a trial which consisted mainly of testimony regarding the valuation of various properties and the conduct of the parties. In the final judgment, the court decided the property issues on equitable distribution principles, giving an unequal distribution to the former wife due to her contributions and the former husband's conduct. The court specifically

stated that it was not ruling on the breach of contract or unjust enrichment claims.

The former husband appealed, and this court reversed, concluding that the 1996 post-nuptial agreement was enforceable as to the property division. *See Stephanos v. Stephanos*, 299 So. 3d 37, 40 (Fla. 4th DCA 2020). On remand, the former wife asserted that she should now be allowed to pursue her alternative relief. The former husband objected, claiming that this was beyond the mandate of this court. He also claimed that the former wife must be considered to have abandoned her claims, because she submitted the proposed final judgment which included the court's specific refusal to rule on the contract and unjust enrichment claims. By failing to cross-appeal, he argued she abandoned her claim.

I disagree that there can be any abandonment of the claim under these circumstances. The former wife had made alternative claims for relief: 1) equitable distribution of the property; 2) breach of the 2003 contract which would allow her to claim properties; and 3) unjust enrichment by which she also claimed the same properties. The submission of the proposed final judgment with the express exclusion of the second and third claims must be considered her election of the remedy of equitable distribution pursuant to the dissolution of marriage count. An election of remedies is not an abandonment of the claim. When the remedy proves unsuccessful on appeal, the party is not precluded from pursuing alternatives on remand. *See Smith v. Frank Griffin Volkswagen Inc.,* 645 So. 2d 585, 588 (Fla. 1st DCA 1994); *see also Atl. Nat'l Bank v. Tworoger*, 554 So. 2d 565, 568 (Fla. 4th DCA 1989) (holding that appellees were not precluded from seeking attorney's fees on alternate basis after their award of attorney's fees was reversed in the prior appeal, because "[u]nder such circumstances there never could have been a double recovery, preclusion of which is the purpose of the election of remedies doctrine").

The trial court did not rule on the issues presented in the breach of contract and unjust enrichment counts, because it had divided the property using equitable distribution principles. The former wife could not have succeeded in appealing the failure to rule on an issue not necessary to the court's disposition.

The trial court concluded that our mandate did not permit the trial court on remand to consider anything but enforcement of the 1996 agreement. But because the issues of the contract claim and unjust enrichment claims were not ruled on in the original final judgment or presented in the appeal, our mandate could not have foreclosed those issues. *See Nat'l City Bank v. Accent Mktg. Assocs., LLC*, 82 So. 3d 1060, 1063-64 (Fla. 4th DCA 2011) (finding that trial court was not precluded from considering due process issue on remand, where the appellate court had not considered the issue and the trial court had not ruled on it at the prior trial).

I would hold that the trial court is not precluded from considering the breach of contract and unjust enrichment claims. Thus, I would reverse for further proceedings. I agree, however, that the appeal of the order determining entitlement to attorney's fees should be dismissed.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4