281 So.2d 584 (1973)
Margaret K. STELLA, Appellant,
v.
Marvin CRAINE et al., Appellees.
No. 72-762.
District Court of Appeal of Florida, Fourth District.
July 31, 1973.
Rehearing Denied September 10, 1973.
*585 Harry G. Carratt, of Morgan, Carratt & O'Connor, Ft. Lauderdale, for appellant.
Steven R. Berger and Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Ft. Lauderdale, for appellees.
OWEN, Chief Judge.
In this automobile negligence action the jury returned a verdict for plaintiff in the amount of $13,500.00 against all defendants, including the liability insurer. A judgment was entered thereon, but subsequently the court entered an amended final judgment reducing the judgment as against the insurer to the sum of $10,000.00, its policy limits. It is the entry of this amended final judgment which the plaintiff claims on this appeal to be error.
When the insurer filed an answer to the complaint, it admitted the issuance of the liability policy insuring the defendant-owner for all sums which he might be found legally obligated to pay, up to the limits of the policy. The policy limits were not alleged. At a subsequent date the defendants jointly filed a motion for severance of the insurer, which motion stated (1) there was no policy issues between the defendants, and (2) the insurer agreed that should a verdict be returned in favor of the plaintiff, judgment could be entered thereon against the insurer to the extent of the limits of its policy. Again the limits were not disclosed. On plaintiff's motion to produce, the insurer was twice ordered to produce a copy of the policy, but failed to do so. Nonetheless, at the pretrial conference defendant's counsel put plaintiff's counsel on notice of the $10,000.00 policy limit.
After the jury verdict was returned, the defendants timely filed a motion for new trial. While this motion was still pending, plaintiff's counsel caused to be prepared a final judgment against all defendants in the amount of $13,500.00, and had the court enter the judgment on January 26, 1972. On March 6, the court entered the order denying the motion for new trial. On March 14, defendants filed their motion to amend the final judgment so as to reduce the amount of judgment against the insurer to the policy limits of $10,000.00.
Appellant first contends that the motion to amend the final judgment, having been filed more than 10 days after entry of the judgment, could only be entertained by the court under Rule 1.540(b) RCP, 31 F.S.A. and that the motion to amend failed to comply with this rule. While the motion did not specify that it was filed pursuant to this rule, it was readily apparent to the court that the entry of the judgment for $13,500.00 against the insurer when all parties had known that the insurer's liability was limited to *586 $10,000.00, was due to oversight or clerical mistake. Plaintiff's counsel caused the final judgment to be prepared. Since he knew that the insurer's liability under the policy was only $10,000.00, causing judgment to be entered against the insurer for $13,500.00 would have to be either an oversight or clerical mistake on the one hand, or a deliberate fraud on the court on the other. There is certainly not the slightest suggestion of any attempt at deliberate fraud.
Appellant next contends that even if the court had jurisdiction to entertain the motion under Rule 1.540(b) RCP, it was error for the court not to follow the procedure outlined in Williams v. Banning, Fla.App. 1972, 259 So.2d 725. The cited case is factually distinguishable. Not only did it involve a controversy between the insured and the insurer as to the policy limits, but also the insurer's motion to limit the judgment against it was granted without any proof as to the policy limits and without any opportunity for the insured to be heard on that issue. In the instant case the insured did not disagree as to the policy limits, and a certified copy of the policy was produced for examination by the court and plaintiff's counsel before the court entered the amended final judgment. We find no error here and affirm the amended final judgment.
Having decided the appellate issues presented, anything additional we might add is necessarily dictum. Nonetheless, we are constrained to suggest that routinely, in cases of this type where no coverage questions have arisen, the court should require counsel to make full verified disclosure at pretrial conference of applicable policy limits. The pretrial order could then incorporate this information as a finding to govern the subsequent entry of judgment.
Affirmed.
CROSS and MAGER, JJ., concur.