556 So.2d 459 (1990)
William C. PERTZ and Charlotte Pertz, Appellants,
v.
David ZOHAR, Appellee.
No. 89-01393.
District Court of Appeal of Florida, Second District.
January 31, 1990.
R.C. Fernon, Jr., Tampa, for appellants.
Stanford R. Solomon and Peter M. Cardillo of Rudnick & Wolfe, Tampa, for appellee.
PARKER, Judge.
William and Charlotte Pertz appeal a trial court order denying their motion to set aside a default and final default judgment entered in favor of David Zohar. We affirm.
An attorney representing the Pertzes filed an unsworn motion to set aside the default judgment.[*] Prior to the hearing, an affidavit of Mr. Pertz was also filed attesting to facts in support of certain defenses. The affidavit did not address excusable neglect. As this court stated in Lee v. Chung, 528 So.2d 1313 (Fla. 2d DCA 1988):
Where, as here, there is an unsworn motion, not supported by evidence of any sort at the hearing, the motion, without more, does not warrant vacating a prior final judgment which on its face appears proper. See Yu v. Weaver, 364 So.2d 539 (Fla. 4th DCA 1978). A party moving to vacate a default must set forth facts explaining or justifying the mistake or inadvertence by affidavit or other sworn statement. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). A movant has the burden to prove "excusable neglect" by affidavit or other sworn statement. Collins v. Collins, 519 So.2d 729 (Fla. 2d DCA 1988).
Lee, 528 So.2d at 1315-16.
At the oral argument, the Pertzes' attorney represented to this court that testimony concerning the issue of excusable neglect was presented at the hearing on the motion to set aside the default and final default judgment. However, the record before this court contains no transcript of such a hearing. As this court stated in Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292 (Fla. 2d DCA 1989):
Because this court was not furnished with a transcript of the hearing which generated the order being challenged in this appeal, appellants have failed to demonstrate a basis for reversal in the record, and we must affirm therefor. As this court recently stated in In re Guardianship of Georgina H. Read, No. 89-00174 [555 So.2d 869] (Fla. 2d DCA Oct. 27, 1989) [14 F.L.W. 2518]:
In appellate proceedings, the decision of a trial court has the presumption *460 of correctness and the burden is on the appellant to demonstrate error. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Mr. Read did not meet this burden. The hearing was not reported by a court reporter, and the appellant did not attempt to furnish us with a stipulated statement of facts as a permissible substitute for a transcript of the evidence. Fla.R. App.P. 9.200(b)(4). Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed. [Citations deleted.] At 871.
While Florida Rule of Appellate Procedure 9.200(f)(2) does provide that "[i]f the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record," that rule is inapplicable under the circumstances of this case where there is a complete lack of a transcript of the record below or of a statement of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). See Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987).
Southeast Bank, 552 So.2d at 293.
The unfortunate aspect of this affirmance is that the Pertzes, following the service of the complaint and summons, did nothing wrong. They timely delivered the summons and complaint against them to an attorney. According to his motion, the attorney dictated "an answer on Affirmative Defenses" that same day. Thereafter, according to his motion, due to secretarial problems and the attorney's schedule, no further action by the attorney for the Pertzes occurred until he filed his motion to set aside the default and final default judgment seven days after the entry of the final default judgment. "Negligence by a litigant's representative may be grounds for an independent suit, but it will not support the setting aside of a default judgment save under exceptional circumstances." Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978). Because this court has no sworn motion or testimony to review, there is no evidence for us to consider in determining whether exceptional circumstances exist to conclude that the attorney's actions, or lack thereof, are excusable under the rule.
Affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[*] Although the motion does not list the authority under which the relief was sought, it is clear the motion was relying upon excusable neglect under Florida Rule Civil Procedure 1.540(b), which states, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect... ."