606 So.2d 443 (1992)
Misael OTERO, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. 92-00718.
District Court of Appeal of Florida, Second District.
October 2, 1992.
Rehearing Denied October 29, 1992.
Jeffrey B. Bock of Maney, Damsker & Arledge, P.A., Tampa, for appellant.
Douglas M. Fraley of Mitchell & Carter, P.A., Tampa, for appellee.
PATTERSON, Judge.
Misael Otero appeals from a posttrial order which vacates a final judgment and the underlying default upon which it is predicated. We reverse.
Otero was a passenger in a truck operated by Minerva Bollin. The truck was struck by another vehicle, resulting in personal injuries to Otero. Bollin was insured by the appellee, Government Employees Insurance Company (GEICO).
On March 21, 1990, Otero's counsel sent a letter to GEICO demanding settlement of his personal injury claim under the provisions of Bollin's uninsured/underinsured insurance coverage. GEICO did not respond. In June 1990, Otero and his wife, Milagnos, filed suit against GEICO and the following transpired:
June 21, 1990  GEICO served by insurance commissioner.
August 8, 1990  Default entered against GEICO for failure to serve or file a response.
September 12, 1990  GEICO served with request to produce.
September 12, 1990  GEICO served with interrogatories.
October 5, 1990  GEICO served by Judge Gallagher with order setting cause for jury trial and pretrial conference.
January 7, 1991  GEICO served with plaintiffs' preliminary witness list.

*444 February 20, 1991  GEICO served with plaintiffs' pretrial statement.
February 26, 1991  GEICO served by Judge Gilbert with pretrial conference order.
March 5, 1991  GEICO served with notice that Milagnos Otero dismissed her derivative cause of action.
March 6, 1991  Final judgment for plaintiff signed by Judge Gilbert.
GEICO does not contend that it was improperly served with the initial pleading. In fact, it has no explanation for its failure to respond to the complaint or to pursue the other documents which it received. Jon Wolfe, a GEICO representative, testified to the internal procedures which GEICO uses to identify and follow up documents which it receives and are not readily identifiable. He could offer no explanation as to why GEICO did not use these procedures, or, if GEICO followed its procedures why this lawsuit was not brought to GEICO's attention. The matter, however, did not go totally unnoticed. Upon receipt of Otero's pretrial statement, someone in the GEICO organization generated a form letter and returned the document to Otero's offer no explanation why this procedure did not trigger an investigation as to the source of the document or result in some form of follow-up procedure when additional information was not forthcoming.
The case proceeded to jury trial on the issue of damages, and the jury returned a verdict in Otero's favor for $107,700. The trial court, after deducting $9,742.27 in PIP benefits paid to Otero, entered a final judgment for $97,957.73. Otero's counsel mailed a copy of the final judgment to GEICO on March 6, 1991. The receipt of this judgment did not prompt GEICO to react. Only after counsel for GEICO in a related case learned of the judgment and pursued the matter did GEICO move for relief on May 3, 1991. Its motion asserted that the lawsuit had "slipped through the cracks" as a result of mishandling or misfiling of suit papers by GEICO's clerical staff and that it had a meritorious defense, i.e., that Otero had not suffered a permanent injury.
After knowledge of the default, the defaulted party must move diligently to set the default aside. In doing so, the moving party must show both excusable neglect in permitting the default to occur and the existence of a meritorious defense. Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984). In regard to businesses having an internal policy for handling lawsuits, Florida courts have frequently held that the inadvertent failure to follow that policy constitutes excusable neglect. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987); Somero v. Hendry Gen. Hosp., 467 So.2d 1103 (Fla. 4th DCA), review denied, 476 So.2d 674 (Fla. 1985). As the court in Somero observed:
[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.
476 So.2d at 1106.
On the other side of the coin is the established principle that gross negligence cannot constitute excusable neglect. Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987); Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967). GEICO is not a mom-and-pop business confronted by an occasional lawsuit. It is a large corporate entity whose business includes engaging in litigation on a regular basis. When confronted with a continuing shower of legal pleadings naming it as the defendant, including a notice of trial, GEICO did nothing. This inaction clearly constitutes gross negligence barring GEICO from relief. It was therefore a gross abuse of discretion to vacate the final default judgment and the underlying default.
*445 The order of the trial court is reversed with instructions to reinstate the final judgment in favor of Otero.
PARKER, A.C.J., concurs.
ALTENBERND, J., concurs in part and dissents in part with opinion.
ALTENBERND, Judge, concurring in part and dissenting in part.
I concur in the majority's opinion concerning the trial court's erroneous decision to set aside the default. However, I would affirm the order setting aside the final judgment and remand for a new trial on damages.
Following the accident on March 7, 1989, both Misael Otero and Minerva Bollin retained Richard Mulholland and Associates (the lawyers) to represent them. The lawyers contacted GEICO, as Ms. Bollin's insurance company. Although the record on appeal is somewhat limited because GEICO did not place many relevant documents into evidence or into its appendix in this nonfinal appeal, it is clear that GEICO created a claim file for this accident, assigned Dianne Byrd as the adjuster to handle the file, and assigned claim number XXXXXXXXX-XX-XX-XXX to the file. Apparently, Otero had no PIP or UM coverage on any automobile that he owned, so GEICO covered both Otero's PIP and UM claims under Ms. Bollin's policy.
On March 21, 1990, the lawyers wrote to GEICO to renew a demand for policy limits, i.e., $20,000 on each claim. The letter recites that GEICO has previously given its consent to a settlement with the tortfeasor. Although the details of additional activity by GEICO on this claim are vague, it is clear that the lawyers submitted proper applications for PIP payments and that GEICO paid $9,742.27 in PIP benefits. GEICO arranged for an independent chiropractic examination, which occurred in early August, about the same time the default was entered.
This lawsuit was served on GEICO through the Florida Department of Insurance. It is obvious, as well-explained in the majority opinion, that GEICO's failure to file a timely answer was inexcusable. Thus, the default should not have been set aside.
The subsequent default judgment, however, is a separate issue under the facts of this case. GEICO has primarily argued that Mr. Otero's lawyers had an obligation to notify the law firm representing GEICO in the related lawsuit involving Ms. Bollin, and tell them about the default in Mr. Otero's case. I completely agree with the majority that the plaintiff's lawyers had no obligation to reveal the default in favor of their client to GEICO's lawyers in the other lawsuit. Indeed, they may have been prohibited ethically from doing so. This is not a situation in which the plaintiff's attorney had been informed prior to seeking a default that the defendant was represented by counsel. Cf. Gulf Maintenance & Supply v. Barnett Bank, 543 So.2d 813 (Fla. 1st DCA 1989) (application for default should be served on attorney when plaintiff is aware that the defendant is represented). If GEICO chose not to hire an attorney to defend it in Mr. Otero's case, his lawyers had no obligation to retain a lawyer for GEICO.
On the other hand, once a plaintiff obtains a default, the trial court is obligated to serve any order setting the action for trial upon the defaulted defendant. Fla. R.Civ.P. 1.080(h)(1). "The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment." Fla.R.Civ.P. 1.080(h)(1). I am troubled by the lawyer's failure, as an officer of the court, to provide adequate addresses and envelopes to the trial court.
In their capacity as attorneys for Otero, when the lawyers wanted GEICO to pay money on a claim, they sent letters to a specific person in this large organization and used the proper claim number. As officers of the court, however, when the lawyers hoped that GEICO would continue *446 to overlook the matter, the lawyers provided only a generic GEICO address in Macon, Georgia.
The experienced trial judge in this case was justified in expecting the lawyers to use as good an address on the court's mail as they used on their own. Although the order setting aside the default judgment does not expressly rely upon this reasoning, it is apparent that the trial judge concluded that the lawyers had a greater obligation to notify GEICO under these circumstances. There seems to be little question that GEICO would have appeared for the trial on damages if the better address had been used.
It is worth noting that this is not a case in which the plaintiff is suing a defendant for a tort or even for breach of contract. Mr. Otero, as a class II insured under the UM coverage, is simply suing as a method to obtain benefits under the contract. Because he and his lawyers did not cooperate by placing a claim number and an adjuster's name on the court's order to GEICO setting the case for trial, he has now received a judgment of nearly $100,000 on a policy that provided $20,000 in coverage.
I simply cannot say that the trial court committed a "gross abuse" of discretion when it set aside a judgment obtained in this fashion.