619 So.2d 477 (1993)
Robert W. HURLEY and Joyce C. Hurley, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. 92-03380.
District Court of Appeal of Florida, Second District.
June 11, 1993.
*478 C. Kenneth Stuart, Jr., of W. James Kelly, P.A., Lakeland, for appellants.
Joseph F. Kinman, Jr., and Richard M. Chamberlain, of Shackleford, Farrior, Stallings, & Farrior, P.A., Tampa, for appellee.
PARKER, Judge.
Robert and Joyce Hurley (the Hurleys) appeal the trial court's order granting Government Employees Insurance Company's (GEICO's) motion to vacate a default, for a new trial, to set aside a judgment, and for relief from judgment. We reverse.
In 1991 the Hurleys sued GEICO seeking uninsured/underinsured motorist benefits under a policy of insurance provided by GEICO to the Hurleys. GEICO did not answer the complaint, and a default was entered against GEICO. The record reflects that the following events occurred:
August 7, 1991  Dianne Byrd, GEICO's claims examiner, sent a letter to the Hurleys' attorney regarding settlement with the tortfeasor. This letter shows that the Hurleys' claim had been assigned a number.
October 4, 1991  Complaint sent to Ms. Byrd.
October 14, 1991, or October 15, 1991  Ms. Byrd and a secretary in the office of the Hurleys' attorney had a telephone conference, and Ms. Byrd questioned the secretary regarding whether service had been obtained on GEICO.
November 5, 1991  GEICO served by insurance commissioner.

*479 November 18, 1991  The Hurleys' attorney sent Ms. Byrd a letter requesting an answer to the complaint.
December 4, 1991  Entry of default sent to GEICO by the Clerk of the Court.
December 6, 1991  Motion to set cause for jury trial sent to Ms. Byrd.
January 28, 1992  The Hurleys' attorney sent Ms. Byrd a motion to set cause for jury trial following default.
January 30, 1992  Trial court sent GEICO an order setting trial and pretrial.
February 25, 1992  The Hurleys' attorney mailed their trial witness list and their exhibit list to Ms. Byrd.
February 28, 1992  Trial court mailed its order setting trial procedures and its procedures applicable to jury trials to Ms. Byrd.
The case proceeded to jury trial on March 9, 1992, and the jury returned a general verdict in the Hurleys' favor for $170,000. The trial court then entered final judgments for the Hurleys.
On March 13, 1992, GEICO filed a motion seeking to set aside the default and to obtain relief from the judgments. Ms. Byrd and one other GEICO employee submitted affidavits in support of GEICO's motion. Neither could explain what happened to the complaint or suit papers other than admitting that the complaint was received by GEICO on November 5, 1991, and then was lost or misfiled. In reviewing GEICO's request for relief, the trial court found Ms. Byrd's negligence to be "egregious." The trial court further stated, "I haven't read a case with as much administrative negligence as this one... ." Despite these findings and observations, the trial court granted GEICO's motion and overturned the judgment and default and ordered a new trial.
This case is almost identical to Otero v. Government Employees Insurance Co., 606 So.2d 443 (Fla. 2d DCA 1992), review denied, 614 So.2d 502 (Fla. 1993), which also involved Ms. Byrd. In Otero, this court held that GEICO was grossly negligent in not responding to "a continuing shower of legal pleadings," and that gross negligence does not constitute excusable negligence. Otero, 606 So.2d at 444. Based upon the holding in Otero, we conclude that GEICO was grossly negligent and, therefore, was unable to show excusable neglect in order to set aside the default.
Next, we must determine whether GEICO is entitled to a new trial on the issue of damages. GEICO argues that a new trial is required because the trial court, in the Order Setting Trial Procedures, specifically stated that because GEICO had defaulted no defenses which go to liability, such as the question of a threshold injury, would be entertained. Additionally, GEICO argues that no evidence was offered at trial that the Hurleys established the threshold injury requirement. And finally, GEICO argues that the trial court failed to use an itemized verdict form.
First, GEICO correctly argues that the trial court erred in determining that the Hurleys did not have to meet the threshold injury requirement. Section 627.737(2)(b), Florida Statutes (1991) requires that the plaintiff prove permanent injury within a reasonable degree of medical probability. See also Garcia v. Delsardo, 378 So.2d 1249, 1250 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980) (holding that default pertains to liability; permanency or tort threshold issue pertains to damages). Even though it was error for the court to state this in its order, it was harmless error because GEICO argued that it never received this notice; accordingly, it did not prejudice GEICO in its preparation for trial.
Second, we cannot determine whether the Hurleys established the threshold injury requirement on the record before this court. It is undisputed that there was no court reporter at trial. In Pertz v. Zohar, 556 So.2d 459 (Fla. 2d DCA 1990), this court held that where "there is no record of the testimony of witnesses or of the evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed." Pertz, 556 So.2d at 459. Therefore, because we do not know what evidence was *480 offered, we must presume that the trial court followed the law in deciding that the Hurleys presented the necessary evidence to permit this case to be submitted to the jury.
Finally, it is not fundamental error for the trial court to use a general verdict form. The purpose for requiring an itemized verdict form is to allow the trial judge to scrutinize each item of the damages in light of the evidence actually presented in support of that item. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023 (Fla. 1st DCA 1991). This purpose does not go to the merits of the case and would not constitute fundamental error; therefore, it would require a contemporaneous objection in order to preserve the issue for appeal. GEICO was not present to make such an objection; therefore, GEICO has waived this issue. Furthermore, this court will not speculate as to whether or not the jury included future damages in this general damage award. See Howell v. Woods, 489 So.2d 154, 155 (Fla. 4th DCA 1986).
We reverse the trial court's order granting GEICO's motion to vacate the default, for new trial, and to set aside the judgment with instructions to reinstate the final judgment in favor of the Hurleys.
SCHOONOVER, A.C.J., and BLUE, J., concur.