814 So.2d 1069 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Jill HORKHEIMER, Appellee.
No. 4D00-4069.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
Opinion on Denial of Rehearing May 15, 2002.
*1070 Philip D. Parrish and Elizabeth K. Russo of Russo Parrish Appellate Firm, Miami, for appellant.
Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, LLP, Fort Lauderdale, for appellee.
WARNER, J.
State Farm appeals an order denying its motion to set aside a $1.2 million final judgment and to conform the judgment to its uninsured motorist policy limits of $25,000. The trial court found that State Farm failed to establish any basis for relief under Florida Rule of Civil Procedure 1.540(b). Because we conclude that the judgment must be vacated due to mistake, in that a judgment could not be entered in excess of the policy limit as alleged in the complaint, we reverse.
On April 30, 1999, Jill Horkheimer ("the insured") filed a complaint against State Farm under her uninsured motorist coverage. In it, she alleged that State Farm provided a policy of underinsured/uninsured motorist protection with an aggregate stacked policy limit of $50,000 which inured to her benefit. She further alleged that the policy was in full force and effect on the date she was involved in an automobile accident with an underinsured or uninsured driver. As a result of the driver's negligence, she suffered substantial injuries that the driver's insurance inadequately compensated. Finally, she alleged that she had fully complied with the terms of the policy and demanded judgment for compensatory damages from State Farm.
Although State Farm was served with process and was aware of the suit, it never filed an answer. Some nine months after the suit was filed, the insured's attorney obtained a clerk's default. Even after obtaining a default against State Farm, the insured still requested State Farm to appear *1071 and defend. The case proceeded, and State Farm was served with a series of motions and the court's notice of a calendar call, requiring a pretrial statement to be filed. The insured's pretrial statement set forth a brief statement of facts and then stated, "The defendant, State Farm, has not responded to this lawsuit by filing an answer and is therefore in default." The only issue of law or fact for determination at trial was listed as "Damages of the Plaintiff."
A jury trial was held, at which State Farm failed to appear. The verdict asked the jury to determine only the amount of damages sustained by the insured as a result of the incident in question. The jury found those damages to be $1,075,092. The court entered a final judgment in that amount, plus attorney's fees in the amount of $101,250 and interest. The final judgment indicates that a copy of the judgment was sent only to the insured's attorney.
Two months later, State Farm filed a motion to vacate the judgment and quash service after it had been notified that its certificate of authority to do business in the state was about to be suspended for nonpayment of the judgment. After obtaining a stay, it filed a second motion alleging that the judgment must be conformed to the policy limits. It also alleged that the default was improperly entered, and thus, both the default and the judgment entered thereon should be set aside.
At a full hearing on the issues, State Farm withdrew its motion to quash service of process, arguing foremost that the judgment could not exceed the policy limits and that a proper default had not been entered. In arguing against vacating the default, the insured's attorney represented to the court that a trial had been held on liability and damages; therefore, the default "means nothing in this case." The court entered an extensive order outlining the repeated contact between the parties throughout the proceedings. While it found that State Farm had notice of the default, it concluded that if it set aside the default, it was not required to also set aside the final judgment because the final judgment was obtained on issues of liability and damages. It also determined that no other ground for relief under rule 1.540(b) was alleged or proven. It therefore denied relief, prompting this appeal.
On appeal, State Farm attacks the denial of its motion to vacate the judgment on two basic grounds. First, it argues that absent a bad faith claim, a judgment in an uninsured motorist case can only be entered against a UM carrier in an amount up to the policy limits where those policy limits are known and agreed upon. Second, it contends that where a party has obtained a default, relief may not be granted beyond what is supported by the pleadings or substantive law applicable to the pleadings. We agree with these contentions, but in this particular case, we conclude that a judgment for $50,000 is authorized where that amount was alleged as the policy limits in the complaint and a default was entered against State Farm.
Absent a showing of bad faith, a judgment cannot be entered against an insurer in excess of its policy limits. See Allstate Ins. Co. v. Sutton, 707 So.2d 760, 761 (Fla. 2d DCA 1998) (UM case); Gov't Employees Ins. Co. v. Robinson, 581 So.2d 230, 231 (Fla. 3d DCA 1991) (UM case). This rule has been applied in cases where the policy limits were revealed and agreed to in the record in some form, usually during discovery. See Robinson, 581 So.2d at 231; see also Dixie Ins. Co. v. Lewis, 484 So.2d 89, 89 (Fla. 2d DCA 1986); Allstate Ins. Co. v. Shilling, 374 So.2d 611, 613-14 (Fla. 4th DCA 1979); Quinn v. Millard, 358 So.2d 1378, 1381 (Fla. 3d DCA 1978), abrogated on other *1072 grounds by Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996); Soler v. Kukula, 297 So.2d 600, 601 (Fla. 3d DCA 1974).
In Stella v. Craine, 281 So.2d 584, 585-86 (Fla. 4th DCA 1973), we held that relief from judgment pursuant to rule 1.540(b) was available where a judgment was entered against an insurance company for an amount in excess of the policy limits. The insurer had asserted the limits of its policy as a defense to the automobile negligence action against its insured and had notified the plaintiff's counsel of the $10,000 limit prior to trial. After jury trial, the court entered a judgment against the insurer for $13,500 based upon the jury verdict. Although the motion to conform the final judgment to the policy limits was not brought within the time for rehearing, we considered it as a request for relief pursuant to rule 1.540(b). We concluded that the judgment amounted to a clerical error or oversight where all the parties knew that the insurer's liability was limited to the policy amount. See id. at 586. We said,
Plaintiff's counsel caused the final judgment to be prepared. Since he knew that the insurer's liability under the policy was only $10,000, causing the judgment to be entered against the insurer for $13,500 would have to be either an oversight or clerical mistake on the one hand, or a deliberate fraud on the court on the other. There is certainly not the slightest suggestion of any attempt at deliberate fraud.
Id.
The insured attempts to distinguish the cases that hold that a judgment against the insurer must be limited to the policy amount, and Stella in particular, on the ground that in each of those cases the insurer appeared and asserted a defense of the policy limits or the limits were revealed in discovery. In this case, the insurer did not appear and assert the policy limits. However, the complaint itself alleged that the policy limits were $50,000. State Farm failed to answer, and a default was entered. When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint. See Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747, 749 (Fla. 4th DCA 1997). Therefore, the record contained an "admission" by State Farm of the policy limits.[1] Because the policy amount was established in the record, consistent with Stella, it was error for the trial court not to grant relief pursuant to rule 1.540(b)(1) on the basis of mistake.
The insured claims, however, that the default was not effective because she did not rely on it at trial. Despite her unilateral pretrial statement indicating that only damages were at issue, she claims that liability as well as damages were tried to the jury. Even if she tried the negligence of the uninsured driver to the jury, she could not have tried, or amended her pleadings to claim, that the uninsured motorist policy was greater than $50,000 without giving notice to State Farm because then, State Farm would be entitled to defend against any such amended complaint. See Fla. R. Civ. P. 1.190(a). There is no suggestion in this case that the insured asserted she had insurance in excess of the amount alleged in her complaint. The default precluded her from contending that the policy limits were greater than what was contained in the complaint, nor could she allege bad faith on the part of the insurance company without amending *1073 her complaint and giving notice to State Farm. Therefore, her pleadings and the default entered thereon prevented the trial court from awarding relief not requested in the pleadings. See Freeman v. Freeman, 447 So.2d 963, 964 (Fla. 1st DCA 1984).
As support for her position that the denial of the motion for relief was proper, the insured cites to Otero v. Government Employees Insurance Co., 606 So.2d 443 (Fla. 2d DCA 1992), and Hurley v. Government Employees Insurance Co., 619 So.2d 477 (Fla. 2d DCA 1993). In both cases, much like the facts of this case, the insurance company defaulted in a suit on an uninsured motorist claim after extensive contact but no appearance by the insurer in the suit. As a consequence, a judgment was entered after a jury trial on damages. In each case, it appears that the judgment was entered in excess of the policy limits. The insurance company moved for relief from judgment and to vacate the default, alleging excusable neglect. It also alleged a meritorious defense in each case. While the trial court granted the motions, vacated the judgment, and ordered a new trial, the appellate court reversed, concluding that the insurance company was grossly negligent in failing to respond to a "shower of legal pleadings." Otero, 606 So.2d at 444; Hurley, 619 So.2d at 479.
We find Otero and Hurley to be distinguishable. In those cases, the insurance company was seeking to vacate the default and obtain a new trial. In this case, while the insurer sought to vacate the default, as an alternative it also sought to limit the judgment to the amount of the policy. It was not seeking a new trial. Further, it does not appear that in either Otero or Hurley a motion to conform the judgment to the policy limits was made. Therefore, the court was not asked to consider the same issue as presented to us here. Moreover, the basis for requesting relief from judgment and to conform the judgment to the policy limits in this case was "mistake," not "excusable neglect" as was the ground in Otero and Hurley.
While it appears that if State Farm had actually wanted to defend this case on any basis, it was grossly negligent and would not be entitled to a vacation of the default. Nevertheless, there is no requirement that a defendant actually enter an appearance. If it does not, the plaintiff is entitled to the relief permissible within the allegations of the complaint. However, a defendant may not be held liable for amounts in excess of those allowed by the pleadings. Even though State Farm made no appearance in the case, the judgment against it could not exceed $50,000. It was clearly a "mistake" to enter judgment for an amount in excess of that.
We therefore reverse and remand with directions to conform the judgment to the policy limits as alleged in the admitted pleadings. Neither party has addressed the attorney's fee award in the final judgment. However, it appears that it may have been entered, albeit without notice, based upon an offer of settlement for $25,000 made prior to the entry of the default. We remand to the trial court to reconsider the issue of attorney's fees in light of our ruling.
Reversed and remanded.
GUNTHER and GROSS, JJ., concur.

ON MOTION FOR REHEARING
WARNER, J.
On rehearing, appellee contends that our opinion is wrong because the clerk's default was vacated by the court. However, the court did not vacate the default until the hearing on the motion to vacate the final judgment months after the trial. The unilateral pretrial statement filed by appellee *1074 stated that the defendant was in default. There is nothing in the record that the default was vacated prior to the trial. If so, appellant would have been entitled to notice of the vacation of the default.
Even if appellee assumed there was no default and all issues were tried and resolved by the jury, no notice was given to appellant that appellee was going to trial on matters in excess of what was pled in the complaint. Appellee did not file any pleadings asserting that the insurance exceeded the $50,000 set forth in the original complaint. Florida Rule of Civil Procedure 1.080(a) states, "[n]o service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons." (Emphasis added). In other words, having secured the clerk's default, if appellee desired to claim uninsured motorist coverage under the policies in excess of the $50,000 in the complaint, she needed to serve an amended pleading, regardless of her reliance or lack of reliance on the default at trial.
That appellant was entitled to notice of a change in the pleadings or the issues to be litigated at trial is an issue of elementary due process. In Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3d DCA 1964), the wife filed a complaint for separate maintenance. Her husband failed to answer the complaint and was defaulted. After the default, the wife amended the complaint to seek a divorce but failed to give the husband notice. She secured a final judgment of divorce. The husband appealed the final judgment, and the appellate court reversed:
Obviously, the relief granted by the final decree was substantially different from that initially prayed for. Although the chancellor might have retained jurisdiction to grant the divorce upon proper application, it was incumbent upon the appellee to notify the appellant that she had amended her cause of action. See Rule 1.4(a) Florida Rules of Civil Procedure, 30 F.S.A. Even the most minimal standards of due process would require that notice be given to a party who had suffered a default or decree pro confesso where the complaint has been amended in a matter of substance after the entry of such default. See 49 C.J.S. Judgments § 338, p. 688.
Id. at 541. Another similar case is Hollie v. Hollie, 388 So.2d 1389 (Fla. 1st DCA 1980), although that case did not involve a default. The wife filed a complaint for divorce which included a claim for alimony. The matter was scheduled for trial, but the wife's attorney filed a motion to withdraw and a motion for continuance shortly before the trial, both of which were denied. At the trial, neither the wife nor her attorney appeared. The trial court allowed the husband to file a counterclaim for dissolution which contained no provision for alimony, and the court entered a final judgment on the counterclaim. The appellate court held:
Although we do not condone the late filing of the motion for continuance, and the failure of the wife or her attorney to appear at the final hearing, the trial judge's denial of the motion for continuance furnished no basis upon which the husband could be permitted to assert a claim for affirmative relief without notice, service of the amended pleading upon the wife, or affording her an opportunity to respond. Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3d DCA 1964); Rule 1.080, Florida Rules of Civil Procedure. Rule 1.190(b), Florida Rules of Civil Procedure, relating to issues "tried by express or implied consent of the parties,", and authorizing amendment of the *1075 pleadings "to conform to the evidence" cannot be applied to justify the procedure followed here.
Id. at 1390. Similarly, in this case, if appellee is claiming that she tried all issues to the jury, then she was required to give notice to the defendant that she now claimed policy limits in excess of one million dollars instead of the $50,000 which she alleged in her complaint. No notice was given to defendant of this change in her claim. A judgment based upon lack of notice cannot stand. See id.; Kitchens, 162 So.2d at 541.
The motion for rehearing is denied.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] While State Farm now claims the policy limits are lower, it is bound by its admission on default.