MAY, J.
State Farm appeals a judgment for attorney’s fees and costs entered upon reversal and remand in State Farm Mutual Automobile Insurance Co. v. Horkheimer, 814 So.2d 1069 (Fla. 4th DCA 2001) (Hork-heimer I). It argues the court erred in awarding fees. We affirm in part and reverse in part.
Essential to an understanding of this appeal are the facts and issues raised in Horkheimer I. The plaintiff filed a complaint against State Farm for uninsured motorist’s benefits, but the parties continued to negotiate. The plaintiff filed a proposal for settlement in the amount of $25,000. State Farm subsequently tendered its policy limits, which the plaintiff refused to accept. Approximately six months later, the plaintiff obtained a default against State Farm and proceeded to a jury trial on damages without State Farm in attendance.
The jury awarded the plaintiff $1,075,692 in damages. The court awarded the plaintiff $101,250 in attorney’s fees. The record failed to disclose the basis for the award of fees and the court did not articulate either the hours or hourly rate used to calculate it. The court entered a judgment and an amended judgment for these amounts on June 6, 2000, and July 13, 2000, respectively. State Farm was not listed as receiving, and did not receive, a copy of either judgment for over sixty days. After the court denied State Farm’s motion to set aside the judgment, State Farm appealed.
This court reversed, holding the amount of the judgment could not exceed the complaint’s request for relief even though a default had been entered against State Farm. Consequently, the plaintiff was entitled to judgment for $50,000, the coverage limits sought in the complaint, and not the $1,075,692 awarded by the jury.[1]
In the opinion, we stated:
*331 Neither party has addressed the attorney’s fee award in the final judgment. However, it appears that it may have been entered, albeit without notice, based upon an offer of settlement for $25,000 made prior to the entry of the default. We remand to the trial court to reconsider the issue of attorney’s fees in light of our ruling.
Id. at 1073.
Eight months after our remand, the plaintiff filed a motion for entry of judgment and an award of attorney’s fees and costs. The plaintiff claimed fees, pursuant to section 768.79, Florida Statutes (2004), and requested the court to reserve jurisdiction to consider entitlement to, and if appropriate, the amount of fees and costs to be awarded. State Farm moved to strike the plaintiffs motion for attorney’s fees and costs as untimely. The trial court denied State Farm’s motion to strike.
The plaintiff then filed a motion to compel payment of attorney’s fees and costs, arguing that because State Farm failed to raise the attorney’s fees award in Hork-heimer I, it was entitled to immediate payment of those fees. The trial court denied the plaintiffs motion to compel, but directed the plaintiff to submit an amended final judgment for fees and costs.
Several months later, the trial court entered a final judgment, awarding attorney’s fees in the amount of $101,250 for work done prior to the jury’s verdict, and $55,000 for work done following the jury trial.
State Farm raises two issues for consideration. First, it argues the court erred in awarding fees based upon the plaintiffs proposal for settlement because the motion was not filed within thirty (30) days of the verdict as required by Florida Rule of Civil Procedure 1.442(g). Second, it argues the award of $101,250 is invalid because it was awarded without notice to State Farm and without the requisite factual findings. The plaintiff responds State Farm waived these arguments by failing to raise them in Horkheimer I.
Section 768.79(6), Florida Statutes (2002), provides a trial court with the authority to award fees when a proposal for settlement has been rejected “[u]pon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal.” The current version of Florida Rule of Civil Procedure 1.442(g) provides:
Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal’s recipient to accept a proposal, shall do so by serving a motion in accordance with rule 1.525.
Florida Rule of Civil Procedure 1.525 provides:
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
In Horkheimer I, we reversed the final judgment for $1,075,692, including the $101,250 in fees. This required the trial court to enter a new final judgment upon remand. Until entry of the new final judgment, the thirty (30) day period did not begin to run. Thus, the plaintiffs failure to plead and move for attorney’s fees within thirty (30) days of the jury verdict does not dictate the result.
The plaintiff filed a motion for attorney’s fees within thirty days of the new judgment for $50,000. In fact, the plaintiff filed the motion prior to entry of the new judgment. For this reason, the plaintiffs motion was timely.
The trial court’s award of fees for the time prior to entry of the jury’s ver- *332 diet, however, continues to suffer from the same defects it had originally. It was entered without notice to State Farm, and fails to articulate both the reasonable amount of hours expended and a reasonable hourly rate, essential requirements for sustaining an attorney’s fee award. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). We therefore reverse the $101,250 award and remand the case to the trial court to conduct a hearing after proper notice to determine the amount of fees to be awarded for work performed prior to entry of the jury’s verdict.
To the extent the judgment reflects an award of $55,000 in attorney’s fees for work performed subsequent to entry of the jury’s verdict, we And no error. State Farm was on notice of the motion for attorney’s fees, and the court determined the number of hours reasonably expended and a reasonable hourly rate. In fact, State Farm did not object to either at the time of the hearing.
For the reasons expressed above, we reverse the award of $101,250 and remand the case to the trial court for further proceedings. We affirm the award of $55,000.[2]
WARNER and GROSS, JJ., concur.

. Although the uninsured motorist policy had limits of $25,000, this court permitted a judgment for the $50,000 amount pled in the complaint.

. State Farm has not raised any issue concerning the cost award of $3,300.46 or the expert witness fee of $1,000. They are therefore affirmed.