971 So.2d 239 (2008)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Maida Solano VOIGT, Appellee.
No. 2D06-4650.
District Court of Appeal of Florida, Second District.
January 4, 2008.
*240 Steven M. Brady of Swartz Campbell LLC, Orlando, for Appellant.
Jeffrey M. Byrd of Jeffrey M. Byrd, P.A., Orlando, for Appellees.
ALTENBERND, Judge.
Nationwide Mutual Fire Insurance Company appeals a final judgment in the amount of $440,915.49 entered in favor of its insured, Maida Solano Voigt, awarding underinsured motorist benefits on a policy of automobile insurance with uninsured and underinsured motorist limits of only $50,000. This court held in Dixie Insurance Co. v. Lewis, 484 So.2d 89 (Fla. 2d DCA 1986), based on established case law from other districts, that a judgment entered against an insurance carrier for benefits provided by its policy must be limited to the policy limits. Despite this longstanding, well-established law, Ms. Voigt's counsel convinced the trial court to enter a judgment for the entire amount of the jury's verdict without any allegation in the pleadings, much less a factual determination, that Nationwide had committed bad faith. We reverse the judgment and remand for entry of a judgment in accordance with the policy limits.
This case arises from an automobile accident on June 2, 2004, in Polk County, Florida. Ms. Voigt sustained injuries when her car was hit by a car driven by Audrey Rigney. It appears undisputed that Ms. Rigney was at fault for the accident. Ms. Rigney had a policy of automobile liability insurance with limits of $25,000. Ms. Voigt claimed that her injuries exceeded this amount and made an underinsured motorist claim against her own insurance company, Nationwide.
Ms. Voigt sued both Ms. Rigney and Nationwide. Ms. Voigt alleged that the *241 claim invoked Nationwide's underinsured motorist coverage and attached a copy of the declarations page of the insurance policy showing coverage in the amount of $50,000. Nationwide answered the complaint admitting the coverage but disputing the claim and specifically the amount of damages sustained by Ms. Voigt. Prior to trial, Ms. Voigt settled with Ms. Rigney. The trial then proceeded with Nationwide as the sole defendant.
At the conclusion of the trial, the jury returned a verdict in favor of Ms. Voigt for $465,650.29. On the following day, Ms. Voigt's counsel served a motion for entry of final judgment "in accordance with the verdict" that did not seek a judgment based on the policy limits alleged in the complaint, but rather sought a judgment in the full amount of the jury's verdict, offset by the amount of the settlement with Ms. Rigney. Thereafter, Ms. Voigt's counsel served an amended motion for entry of final judgment, which again asked for a judgment based on the verdict. The letter submitting this motion made no reference to the policy limits of the underinsured motorist coverage or the established law on this subject, but it attached a copy of the declarations page from the relevant insurance policy establishing that the available coverage was only $50,000.[1] Shortly thereafter, in conjunction with its timely motion for new trial, Nationwide filed a motion to limit the judgment to the limits of its coverage. On September 15, 2006, without a hearing, the trial court denied Nationwide's motion for new trial and motion to limit the judgment to the policy limits. The court entered the judgment requested by Ms. Voigt's counsel.
On appeal, Nationwide argues that it was entitled to a new trial because the trial court refused to strike two jurors for cause. We reject this argument without further discussion. On the other hand, Nationwide argues that the judgment against it must be restricted to the limits of its coverage. Its argument is squarely supported by this court's holding in Dixie Insurance, 484 So.2d 89.
In Dixie Insurance, this court held that the trial court erred in denying a motion to modify the final judgment to limit the liability of the insurance company to the amount of its policy limits. 484 So.2d at 89. This court expressly relied upon established case law from the Third and Fourth Districts, including Allstate Insurance Co. v. Shilling, 374 So.2d 611 (Fla. 4th DCA 1979); Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978), abrogated on other grounds recognized by Ridley v. Safety Kleen Corp., 693 So.2d 934, 938 n. 5 (Fla.1996); Soler v. Kukula, 297 So.2d 600 (Fla. 3d DCA 1974); and Stella v. Craine, 281 So.2d 584 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla.1974). Although Dixie Insurance and the cases cited therein each involved a third-party claim for coverage and not a first-party claim for uninsured or underinsured motorist coverage, the same principles clearly apply to an insured's claim against its insurer for uninsured or underinsured motorist benefits, at least in the absence of a judicial finding of bad faith. See State Farm Mut. Auto. Ins. Co. v. St. Godard, 936 So.2d 5 (Fla. 4th DCA 2006); Gov't *242 Employees Ins. Co. v. Robinson, 581 So.2d 230 (Fla. 3d DCA 1991); see also State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069 (Fla. 4th DCA 2001) (holding trial court was required to grant relief from default judgment on the basis of mistake because judgment was entered in excess of uninsured motorist policy limits established in the record). Collectively, these cases hold that when no dispute exists as to the policy limits or available coverage and such limits are made known to all parties during pretrial discovery, the trial court should, upon proper verification, grant an insurer's motion to limit the judgment to the policy limits. Dixie Insurance, 484 So.2d at 89; Horkheimer, 814 So.2d at 1071; Shilling, 374 So.2d at 614; Quinn, 358 So.2d at 1381; Soler, 297 So.2d at 601; Stella, 281 So.2d at 585-86. We are unaware of any case in Florida that has ever held to the contrary. Indeed, Ms. Voigt has cited no case from any jurisdiction so holding.
Ms. Voigt argues that Nationwide waived or did not preserve this issue because it first sought to limit the judgment in its posttrial motion. She suggests that Nationwide had some duty to preserve this issue by defense or special pleading at an earlier stage in the proceedings. There are two problems with this argument. First, as well established as the law is regarding the trial court's duty to limit the judgment to the extent of the undisputed policy limits, it is equally well established that equitable principles such as estoppel may not generally be used affirmatively against an insurer to create or extend coverage otherwise lacking in the policy. See St. Godard, 936 So.2d at 9 (citing Doe v. Allstate Ins. Co., 653 So.2d 371, 374 (Fla.1995); AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998, 1000 (Fla.1989); Crown Life Ins. Co. v. McBride, 517 So.2d 660, 661 (Fla.1987); Six L's Packing Co. v. Fla. Farm Bureau Mut. Ins. Co., 268 So.2d 560, 563 (Fla. 4th DCA 1972), adopted, 276 So.2d 37 (Fla. 1973)). Second, no waiver or estoppel is established by this record. Ms. Voigt expressly alleged a claim on a policy with limits of $50,000. Nationwide admitted these allegations. There was no issue or dispute between the parties about the amount of coverage until Ms. Voigt submitted her proposed judgment to the trial court for an amount in excess of the limits shown in her own pleadings.
We emphasize that Ms. Voigt did not allege a claim against Nationwide for bad faith in this proceeding. See generally § 624.155(1)(b), Fla. Stat. (2006); State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995); Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987). It may be that Ms. Voigt will eventually file and prevail on such a claim, but this lawsuit has been exclusively a claim for benefits under the policy, not for a violation of the duties owed by virtue of that policy.
Thus, we reverse this judgment and remand for entry of the maximum judgment that can be entered under the terms and conditions of the insurance policy and without prejudice to a subsequent lawsuit by Ms. Voigt alleging bad faith against Nationwide.[2]
*243 We note that this tactic on Ms. Voigt's part may prove costly. From the record it appears that Nationwide posted a bond in the amount of $520,280.27 to stay enforcement of the judgment pending review on appeal. Taxable costs for this appeal, which will be assessable against Ms. Voigt, may include at least the premium for that portion of the bond on the judgment in excess of the coverage. See Fla. R.App. P. 9.400(a)(3).
Likewise, Nationwide asks this court to impose attorneys' fees against Ms. Voigt and her counsel pursuant to section 57.105, Florida Statutes (2006). Nationwide served this motion on Ms. Voigt's counsel and provided the twenty-one-day notice required by section 57.105(4). Ms. Voigt's counsel took no action and continued to defend the erroneous judgment. We conclude that Ms. Voigt's counsel knew or should have known that his proposed final judgment was not supported by existing law when he presented it for entry to the trial court, and his defense of the amount of the final judgment in this appeal was without merit. We grant Nationwide's motion for appellate attorneys' fees pursuant to section 57.105 and remand for the trial court to determine the reasonable fees incurred by Nationwide in prosecuting this appeal as to that claim only.[3]
Given that Ms. Voigt has not prevailed in this appeal and that the judgment must now be reduced, we deny Ms. Voigt's motion for appellate attorneys' fees pursuant to section 768.79, Florida Statutes (2005).
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.
NOTES
[1] These documents indicate that they were served on August 24, 2006, but they were not filed until September 15, 2006. The timing of these documents is not critical to our analysis. Ms. Voigt's counsel was attempting to obtain entry of a judgment quickly in order to commence postjudgment interest under the holding in Amerace Corp. v. Stallings, 823 So.2d 110 (Fla.2002). This opinion does not criticize counsel's effort to obtain postjudgment interest for his client, only his effort to obtain a judgment that was approximately $390,000 in excess of what the law clearly allowed.
[2] We are aware that the trial court has entered a judgment for attorneys' fees in favor of Ms. Voigt because the jury's verdict and the judgment entered thereon exceeded her offer of judgment to Nationwide of $50,000 by more than 125%. See § 768.79, Fla. Stat. (2005). The judgment awarding fees, which exceeds $90,000, is pending on appeal in this court as case number 2D07-3924. The reversal of the underlying judgment in this appeal and the remand with instructions to limit the judgment will obviously affect the merits of that appeal. The parties are encouraged to resolve the related appeal between themselves, if possible, based upon the result now reached in this appeal.
[3] We note that section 57.105 states that these fees must be paid in equal amounts by Ms. Voigt and her attorney and does not permit this court to impose a higher portion of the fees upon the attorney, even if it is obvious that the circumstances justifying the imposition of fees are matters exclusively attributable to the attorney. See Morton v. Heathcock, 913 So.2d 662, 669 (Fla. 3d DCA 2005). On rehearing, to his credit, Ms. Voigt's attorney asked that all fees imposed as a sanction be imposed only against him. Nationwide did not object to this proposal. We are not convinced that we have the authority to order a sanction in contravention of the statute, but we see no reason why the parties cannot stipulate to that result on remand. We also emphasize that the sanction involves fees only for the issue on which Nationwide prevailed in this appeal. Given that the issue involved a well-established rule of law, the time required to handle that portion of this appeal was undoubtedly quite modest.