LEVINE, J.
 

 The issue presented is whether the trial court erred in setting aside the default final judgment. We find that the trial court erred in setting aside the default since appellee failed to establish excusable neglect.
 

 On September 22, 2009, appellants served a third-party complaint on appellee at its operations center. On November 19, 2009, a default was entered against appel-lee for failure to serve a timely pleading. On November 20, 2009, counsel served on National City a cover letter to the court with a copy of the default, an affidavit of damages, and a proposed default judgment. The court reviewed it and returned it for additional work. On December 15, 2009, the attorney served on National City a second cover letter, the default, a clients’ affidavit, and a second proposed default judgment. This too was sent back. Then on January 7, 2010, he served National City with a third cover letter, an affidavit of damages, a motion for entry of default judgment, and a notice of hearing, along
 
 *1201
 
 with a proposed default final judgment. On January 20, 2010, the trial court entered a default final judgment against ap-pellee in the amount of $90,865.93, including prejudgment interest.
 

 On February 9, 2010, appellee served a motion to set aside the default and vacate the default final judgment. It also submitted affidavits which outlined appellee’s policies and procedures to ensure the timely response to lawsuits. The affidavit of Charles Buettner, who received the original complaint on behalf of appellee according to the sheriffs return, outlined the policies and procedures National City had in place to ensure the timely response to lawsuits. While he did not recall being served, he attested that he believed he followed his customary practices and sent the complaint to the legal department in an interoffice mail envelope. The other affidavit, signed by attorney Chris Meyer, outlined how the legal department enters the complaint into a database and assigns in-house counsel and then outside counsel to respond to a lawsuit. Meyer’s affidavit stated that he never received a copy of appellant’s third-party complaint. Meyer first became aware of the lawsuit on February 3, 2010, and he immediately retained outside counsel. Neither Buettner’s nor Meyer’s affidavit addressed the other motions, notice of hearing, or proposed final judgments served on appellee at its operations center.
 

 The trial court found that tfye “closest call” had to do with the fact that “counsel did send additional pleadings after the default was entered, which in theory should have given notice that something was going on.” Nevertheless, the trial court granted the motion to set aside the default and default final judgment.
 

 An order granting a motion to vacate a default final judgment is reviewed under the standard of gross abuse of discretion.
 
 DND Mail Corp. v. Andgen Props., LLC,
 
 28 So.3d 111 (Fla. 4th DCA 2010). “Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits.”
 
 Elliott v. Aurora Loan Servs., LLC,
 
 31 So.3d 304, 306 (Fla. 4th DCA 2010) (citation omitted). Still, the trial court must find all of the following conditions in order to set aside a default under rule 1.540(b): “(1) whether the defendant has demonstrated excusable neglect in failing to respond!;] (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, had demonstrated due diligence in seeking relief.”
 
 Id.
 
 at 307 (citation omitted). We do not address the issue of meritorious defense or due diligence, since we find appellee failed to demonstrate excusable neglect, and as such, the trial court erred in vacating the default final judgment.
 

 Excusable neglect occurs “where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.”
 
 Id.
 
 (citation omitted). Here, the default was entered on November 19, 2009, and appellee did not file a motion to vacate until February 9, 2010. Appellee claims that it did not find out about the lawsuit until February 3, 2010; yet the record also includes substantial correspondence from appellants to appellee informing it of the default on November 20, 2009, December 15, 2009, and January 7, 2010.
 

 The case of
 
 Hurley v. Government Employees Insurance Co.,
 
 619 So.2d 477 (Fla. 2d DCA 1993), is instructive. In
 
 Hurley,
 
 the court found the trial court’s setting aside the default final judgment was a gross abuse of discretion, since the defendant did not demonstrate excusable neglect. The affidavits submitted by the defendant failed to explain what happened to the complaint or suit papers other than
 
 *1202
 
 admitting that the complaint was received and then was lost or misfiled. The
 
 Hurley
 
 court relied on
 
 Otero v. Government Employees Insurance Co.,
 
 606 So.2d 443, 444 (Fla. 2d DCA 1992), where the court held that the defendant was grossly negligent in not responding to “a continuing shower of legal pleadings,” and that gross negligence does not constitute excusable negligence.
 
 Hurley,
 
 619 So.2d at 479 (quoting
 
 Otero,
 
 606 So.2d at 444). Based on this holding, the
 
 Hurley
 
 court concluded that the defendant was grossly negligent and therefore could not establish excusable neglect.
 

 Like
 
 Hurley,
 
 appellee did not explain what happened to the correspondence advising of the default. Appellee merely claims that when it learned of the lawsuit on February 3, 2010, it immediately retained outside counsel to file the motion to vacate. While appellee’s inaction to respond to the complaint alone might have constituted excusable neglect given the system appellees had in place, the failure to respond to the complaint, when coupled with the correspondence sent on three different occasions, constitutes gross negligence. Missing the complaint and the correspondence is not evidence of a “system gone awry” but rather a defective system altogether. We find that in light of the facts of this case, like
 
 Hurley,
 
 the finding of excusable neglect was in error.
 
 [1]
 

 Reversed and remanded.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . This court recognizes the "extremely high standard of review” when reviewing for gross abuse of discretion.
 
 Allstate Floridian Ins. Co. v. Ronco Inventions, LLC,
 
 890 So.2d 300, 302 (Fla. 2d DCA 2004). However, if we were to find that the particular facts of this case did not violate the standard of gross abuse of discretion for failure to demonstrate excusable neglect, we would be hard pressed to find violations of this standard in other cases and ultimately the standard would effectively countenance any type of negligent conduct as being "excusable.”